1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

CHRISTOPHER A. JONES,                    )          CASE NO. 3:03-CV-0276-HDM-VPC
                                         )
        Plaintiff(s),                    )          ORDER SCHEDULING
                                         )          SETTLEMENT CONFERENCE
vs.                                      )
                                         )
BILL BOOK, et al.,                       )
                                         )
        Defendant(s).                    )
_____)

        Pursuant to a referral by The Honorable Howard D. McKibben, United States District Judge, a

settlement conference is hereby scheduled to commence on **Wednesday, May 31, 2006** at **9:00 a.m.** in the

courtroom of the undersigned United States Magistrate Judge, Federal Courthouse, Fourth Floor, Reno, Nevada.

        All counsel of record who will be participating in the trial of this case, all parties appearing *pro

se,* if any, and all individual parties must be present.

        **In the case of non-individual parties, counsel shall arrange for a representative with**

**binding authority to settle this matter up to the full amount of the claim and to be present in court for the**

**duration of the settlement conference.  All parties and counsel should make arrangements to be present**

**at the settlement conference for the entire day.  Every effort should be made to avoid scheduling airline**

**flights or other obligations that will interfere with or shorten the full day of settlement negotiations.**

        Any exceptions to the above attendance requirements must be submitted to this Court for

approval at least one week prior to the settlement conference.

-1-

PREPARATION FOR SETTLEMENT CONFERENCE

I.      ATTENDANCE OF COUNSEL AND CLIENT OR CLIENT REPRESENTATIVE

Unless excused by order of the Court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference.   This requires the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client.  For a defendant, such representative must have final settlement authority to commit the organization to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower.  For a plaintiff, such representative must have final authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the defendant's last offer.

If board approval is required to authorize settlement, the attendance of at least one sitting member of the board (preferably the chairperson) is absolutely required.  Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present.  Such representative must have final settlement authority to commit the company to pay, in the representative's own discretion, an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower.

The purpose of these requirements is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present.   In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with these provisions, s/he shall immediately discuss the circumstance with opposing counsel to resolve it well before the settlement conference, and, if such discussion does not resolve it, request a telephone conference with the court and counsel.

1    Counsel appearing for the settlement conference without their client representatives or insurance

2 company representatives, authorized as described above, will cause the settlement conference to be canceled or

3 rescheduled.  The non-complying party, attorney or both may be assessed the costs and expenses incurred by

4 other parties and the court as a result of such cancellation, as well as any additional sanctions deemed appropriate

5 by the court.  Counsel are responsible for timely advising any involved non-party insurance company of the

6 requirements of this order.

7    II.    PURPOSE OF THE SETTLEMENT CONFERENCE

8    The purpose of the settlement conference is to facilitate settlement of this case.  It will be

9 conducted in such a manner as not to prejudice any party in the event settlement is not reached.  To that end, all

10 matters communicated to the undersigned in confidence will be kept confidential, and will not be disclosed to

11 any other party, or to the trial judge.  The undersigned, of course, will not serve as the trial judge in this case.

12    At the settlement conference the parties, by counsel, shall give a brief (five minute) presentation

13 outlining the factual and legal highlights of their case.  Then separate, confidential caucuses will be held with

14 each party and the party's representative(s).  Attached is an outline for counsel to review with the parties prior

15 to the settlement conference to make the best use of the limited time allotted.

16    **The requirement for parties' personal appearance is intended to increase the efficiency and**

17 **effectiveness of the settlement conference,** by reducing the time for communication of offers and expanding

18 the ability to explore options for settlement.

19    III.    PRE-CONFERENCE NEGOTIATIONS

20    Settlement conferences are often unproductive unless the parties have exchanged demands and

21 offers before the conference and made a serious effort to settle the case on their own.  **Before arriving at the**

22 **settlement conference the parties are to negotiate and make a good faith effort to settle the case without**

23 **the involvement of the Court.  Specific proposals and counter**

24

25

26

27

28
-3-

**proposals shall be made.   If the parties fail to present specific proposals and counter proposals prior to the settlement conference, sanctions may be imposed by the court if appropriate.**   If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiation at the conference.

IV.    THE SETTLEMENT CONFERENCE STATEMENT

In preparation for the settlement conference, the attorneys for each party, or parties appearing *pro se*, shall submit a confidential settlement conference statement for the Court's <u>in camera</u> review.  The settlement conference statement shall be limited to seven (7) pages and contain the following:

1.    A brief statement of the nature of the action;

2.    A brief analysis of the key issues involved in the litigation;

3.    A discussion of the strongest points in your case, both legal and factual, and a frank discussion of the weakest points as well;

4.    A further discussion of the strongest and weakest points in your opponent's case, but only to the extent that they are more than simply the converse of the weakest and strongest points in your case;

5.    A history of settlement discussions held to date, including the current status of settlement discussions between the parties, and the last settlement proposal made by you and to you;

6.    The settlement proposal that you believe would be fair;

7.    The settlement proposal that you would honestly be willing to make in order to conclude this matter and stop the expense of litigation;

8.    You are required to attach proof of the specific proposals and counter proposals made prior to the settlement conference pursuant to Section III of this order;

9.    You may attach to your statement those document or exhibits which are especially relevant to key factual or legal issues, including selected pages from deposition transcripts or responses to other discovery requests.

-4-

1         The settlement conference statements shall be received in my chambers, 400 S. Virginia Street,

2 Suite 404, no later than **Wednesday, May 24, 2006** at 4:00 p.m.  DO NOT DELIVER OR  MAIL THEM TO

3 THE CLERK'S OFFICE; <u>DO NOT SERVE A COPY ON OPPOSING COUNSEL</u>.  The settlement conference

4 brief should be in an envelope clearly marked "Confidential, Contains Settlement Brief."

5         The purpose of the settlement conference statement is to assist the Court in preparing for and

6 conducting the settlement conference.  In order to facilitate a meaningful conference, your utmost

7 candor in responding to the above-listed questions is required.  The confidentiality of each statement will

8 be strictly maintained in my chambers.  Following the conference, the settlement conference statements will be

9 destroyed.

10         DATED this  16th  day of  March , 2006.

11

12

13         VALERIE P. COOKE
        U.S. MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SETTLEMENT CONFERENCE PREPARATION

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences are more efficient if all parties and counsel are prepared. Consider the following topics to aid in the effectiveness of your settlement conference.

A.    FORMAT

1.    Parties with ultimate settlement authority **must** be personally present.

2.    The court will use a mediation format, and private caucusing with each side; the judge may address your client directly. The judge will not meet with parties separate from counsel.

3.    Have you discussed private mediation with your client?

B.    ISSUES

1.    What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue. What is your most persuasive argument?

2.    What remedies are available resulting from this litigation? From a settlement?

3.    Is there any ancillary litigation pending or planned which affects case value? What about liens?

4.    Do you have enough information to value the case? If not, how are you going to get more information before the conference?

5.    Do attorney's fees or other expenses affect settlement? Have you communicated this to the other side?

6.    Is defendant and/or its carrier solvent?

C.    NEGOTIATIONS

1.    Where did your last discussions end? Are you sure?

2.    Schedule with opposing party: discussions before the settlement conference to make it proceed more efficiently? At least one offer and response is required.

3.    What value do you want to start with? Why? Have you discussed this with your client?

4.    What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times? Does your client understand why?

5.    Is there confidential information which affects case value?  Why can't/won't/ shouldn't it be disclosed?  How can the other side be persuaded to change value if it doesn't have this information?

6.    What happens if you don't settle the case at the conference?   What is your best alternative to a negotiated settlement?  Why?  What might change the outcome of the settlement conference?  Pending motions, discovery, expert's report, etc.

D.    CLOSING

1.    If settlement is reached, it will be on the record.

2.    Have you discussed settlement formats with your client?  Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

3.    How soon could checks/closing documents be received?

4.    If settlement is not reached, and further discovery is needed, what is your plan for continuing settlement discussions?  Do you want court involvement in these talks?

5.    If settlement is not reached, be prepared to discuss it again at the Pretrial Conference.

1

2

3 \*
See Minord.pto-ecr - for separate order for PTO.

4          If set for status/settlement conference, indicate in the title and in the first paragraph on page one.  Also
list what else will be addressed by the Court in the final paragraph of the order.  (See usual language used in ECR
5 Order of referral).

6          In the event the parties are unable to negotiate settlement, the Court will consider the witnesses proposed
to be called by the parties to determine whether the testimony which may be offered will be cumulative or
7 duplicative and whether such testimony is relevant.  The Court will also determine the specific objections, if any,
which the parties have to each other's exhibits and objections on a line-by-line basis to any depositions proposed
8 to be presented at trial.  The Court will also consider all evidentiary issues tendered by the Pretrial Order and
make all rulings thereon which may reasonably and feasibly be made at this time.  OR
9          In the event a settlement agreement cannot be negotiated, and pursuant to the Order of this Court dated
\*, 199\* (#), the parties will be prepared to undertake discussion and resolution of the differences in the proposed
10 pretrial order(s) (#).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28